847 F.2d 55
 Cesar PERALES, as Commissioner of The New York State
Department of Social Services, The New York State Department
of Social Services, Robert Abrams, as Attorney General of
the State of New York, and on behalf of the People of the
State of New York, The State of New York, and The City of
New York and Sara Doe, Jane Roe, and Anne Coe, individually,
on behalf of all others similarly situated and their minor
children, Plaintiffs-Appellants,
v.
Edwin MEESE, III, as Attorney General of the United States,
William S. Slattery, as Assistant Commissioner of the
Immigration and Naturalization Service, Edward Wildblood, as
Legalization Director of the INS Eastern Regional Office,
Gilbert Tabor, as INS Eastern Regional Processing Facility
Director, Charles Sava, as INS District Director of the New
York District, and Otis R. Bowen, as Secretary of Health and
Human Services, Defendants-Appellees.
 No. 1307, Docket 88-6115.
 United States Court of Appeals,
Second Circuit.
 Argued May 18, 1988.
Decided May 19, 1988.
 
 Appeal from an order entered in the United States District Court for the Southern District of New York, Conboy, J.
 
 
 1
 Stephen Loffredo, Main Street Legal Services, Inc., Flushing, N.Y. (Janet Calvo, Main Street Legal Services, Inc., Flushing, N.Y., Volunteers of Legal Service, Inc., Legalization Support Project, Randye Retkin, New York City, Richard J. Holwell, James M. Stillwaggon, Robert J. Morrow, Joan Morgan McGivern, Andrew P. Langhoff, Mary McQuillen, Sheela Murthy, White & Case, New York City, of counsel), for individual plaintiffs-appellants, and members of the plaintiff class.
 
 
 2
 Peter L. Zimroth, Corp. Counsel to the City of New York, Michael D. Young, Gail Rubin, Hilary B. Klein, New York City, on the brief, for plaintiff-appellant The City of New York.
 
 
 3
 Noel Anne Ferris, Sp. Asst. U.S. Atty., S.D. New York, New York City (Rudolph W. Giuliani, U.S. Atty., for the S.D. New York, Nancy Kilson, Asst. U.S. Atty., S.D. New York, New York City, of counsel), for defendants-appellees.
 
 
 4
 Debra Marcus, Asst. Atty. Gen., State of N.Y., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Judith A. Gordon, Judith T. Kramer, Charles F. Sanders, Asst. Attys. Gen., State of N.Y., New York City, of counsel), for plaintiffs-appellants Perales, The New York State Dept. of Social Services, Robert Abrams and The State of N.Y.
 
 
 5
 Before LUMBARD, MESKILL and WINTER, Circuit Judges.
 
 PER CURIAM:
 
 6
 This is an appeal from an order entered in the United States District Court for the Southern District of New York, Conboy, J., denying plaintiffs-appellants' motion for a preliminary injunction. The plaintiffs-appellants are the State of New York, the City of New York, the Commissioner of the New York State Department of Social Services, the Attorney General of the State of New York, and three anonymous undocumented aliens who are seeking to apply for the status of lawful residents under the terms of the Immigration Reform and Control Act of 1986 (IRCA), Pub.L. No. 99-603, 100 Stat. 3359 (1986). IRCA established a program under which undocumented aliens who had resided in this country for a requisite time period, and who were otherwise qualified for admission as immigrants, could seek lawful resident status. See 8 U.S.C. Sec. 1255a (Supp. IV 1986). Applicants seeking the benefit of that so-called amnesty or "legalization" program were required to do so no later than May 4, 1988. See 8 U.S.C. Sec. 1255a(a)(1)(A); 8 C.F.R. Sec. 245a.2(a)(1) (1988). Congress recently considered extending the May 4 deadline but failed to do so. See 134 Cong.Rec. S 5041-43 (daily ed. Apr. 28, 1988).
 
 
 7
 The appellants in this case argue that the deadline should now be extended for a class of undocumented aliens who were unfairly affected by certain regulations promulgated by the Immigration and Naturalization Service (INS) pursuant to IRCA. In sum, appellants argue that INS regulations precluded undocumented aliens with citizen children who receive public assistance from seeking legalization under the statute, see 8 C.F.R. Secs. 245a.2(d)(4), 245a.1(i); see also 52 Fed.Reg. 16,207 (May 1, 1987), when Congress intended that eligibility under the statute should hinge solely on an individual applicant's ability to be self-supporting, see 8 U.S.C. Sec. 1255a(d)(2)(B)(iii). They argue that the effect of the regulations, and the INS' allegedly inconsistent policies, was to deter qualified applicants from seeking the benefits of the program until it was too late to take advantage of them. The individual plaintiffs seek to represent a class of all similarly situated potential applicants in New York State. The state and municipalplaintiffs challenge the regulations in their own capacity and seek to represent the class of potential applicants in a parens patriae capacity.
 
 
 8
 After bringing this action in the district court, but before obtaining certification of a class, appellants sought a preliminary injunction imposing, inter alia, a renewable sixty-day extension of the May 4 deadline while the INS and the United States Attorney General promulgated and publicized new regulations and policies more consistent with the terms and intent of IRCA. The district court denied the motion. The denial is hereby affirmed, substantially for the reasons stated in Judge Conboy's Memorandum Opinion and Order dated April 19, 1988, 685 F.Supp. 52 (S.D.N.Y.1988).